## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**RONALD CURTIS MASHBURN**                         **PLAINTIFF**
**#663501**

V.                   NO. 3:21-cv-257-KGB-ERE

**STEVEN DAVIS,** *et al.*                                **DEFENDANTS**

### INITIAL ORDER FOR *PRO SE* PRISONER-PLAINTIFFS

You have filed this federal civil rights lawsuit *pro se*, that is, without the help of a lawyer. There are rules and procedures that you must follow in order to proceed with your lawsuit, even though you are not a lawyer.

**First: Follow All Court Rules.** You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. Copies of rules can be found in the prison library.

In particular, Local Rule 5.5(c)(2) explains requirements for plaintiffs, like you, who are not represented by a lawyer:

1. You must promptly notify the Clerk and the other parties in the case of any change in address. You must inform the Court if you are transferred from one unit to another. Notifying the Court of your change in address is especially important if you are released from custody while your lawsuit is pending. If you do not keep the Court informed as to your current address, your lawsuit can be dismissed.
2. You must monitor the progress of your case and prosecute the case diligently.
3. You must sign all pleadings and other papers filed with the Court, and each paper you file must include your current address.
4. If you fail to timely respond to a Court Order directing action on your part, the case may be dismissed, without prejudice.

**Second: Pay the Filing Fee.** Every civil case filed by a prisoner requires the plaintiff to pay a filing fee. 28 U.S.C. § 1915. A $402 filing and administrative fee must be paid at the beginning of the lawsuit unless the plaintiff cannot afford to pay the entire fee at once. If you cannot afford to pay the filing fee in a lump sum, you may file a motion to proceed *in forma pauperis* (IFP). If you are granted IFP status, the filing fee is $350, which will be collected in installments from your institutional account. Importantly, even if your lawsuit is later dismissed, the Court will continue to collect the filing fee until it has received the full amount of $350 from your institutional account. Here, you have not filed an IFP application that includes a jail account information sheet signed by an authorized official; nor have you paid the filing fee. **Your IFP motion (*Doc. 1*), therefore, is GRANTED.**

Based on your prison trust account information, the Court will assess an initial partial payment of $6.00. Your custodians are directed to collect the initial partial payment as well as the balance of the $350.00 filing fee by deducting monthly payments equal to 20% of the preceding month's income credited to your prison trust account each time the amount exceeds $10.00. The entire $350.00 filing fee must be paid, even if the lawsuit is dismissed before trial. Your custodian should clearly identify the monthly payments by the name and number assigned to this action.

**Third: Service of Defendants.** It is your responsibility to identify all Defendants, including any "John/Jane Doe" Defendants. If you are allowed to proceed IFP, the Court will order service of any claims that survive screening on all properly identified Defendants. However, you are responsible for providing sufficient identifying information and valid service addresses for each Defendant. Any Defendant who is not served within 90 days may be dismissed, without prejudice, from the lawsuit.

**Fourth: No Right to Appointed Counsel.** This is a civil case. Unlike criminal cases, there is no right to have an appointed lawyer in a civil case. If your case proceeds to a trial, however, a lawyer may be appointed to assist you before trial.

**Fifth: Do Not File Your Discovery Requests.** Discovery requests, such as interrogatories and requests for documents, are not to be filed with the Court. Instead, discovery requests should be sent to counsel for the defendant (or directly to the defendant if he or she is not represented by a lawyer). See FED. R. CIV. P. 5(d). Do not mail discovery requests to Defendants' counsel (or a *pro se* Defendant) until that Defendant has filed an answer or motion to dismiss.

**Sixth: Do Not Send Documents to Court Except in Two Situations.** You may send documents or other evidence to the Court only if attached to a motion for summary judgment or in response to a motion for summary judgment; or if the Court orders you to send documents or other evidence.

**Seventh: Provide a Witness List.** If your case is set for trial, as your trial date approaches, you will be asked to provide a witness list. After reviewing the witness list, the Court will subpoena necessary witnesses.

IT IS THEREFORE ORDERED THAT:

1. The motion to proceed *in forma pauperis* (*Doc. 1*) is GRANTED.

2. The Clerk of the Court is directed to send a copy of this Order to the Arkansas Division of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; the Arkansas Division of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612; and the Warden of the Sharp County Detention Center, Post Office Box 157, Ash Flat, Arkansas 72513.

IT IS SO ORDERED this 15th day of December, 2021.

_____
UNITED STATES MAGISTRATE JUDGE